Denver C. Snuffer, Jr. (3032)
Bret W. Reich (9542)
**NELSON, SNUFFER, DAHLE & POULSEN, P.C.**
10885 South State Street
Sandy, Utah 84070
Telephone: (801) 576-1400
Fax: (801) 576-1960

Jesse Riddle (6640)
**RIDDLE & ASSOCIATES, P.C.**
11778 South Election Drive, Suite 240
Draper, Utah 84020-6808
Telephone: (801) 569-3100
Facsimile: (801) 569-8700

Attorneys for Plaintiffs

FILED
U.S. DISTRICT COURT
2006 MAY 17 P 3:52
DISTRICT OF UTAH
BY:________________
DEPUTY CLERK

**IN AND FOR THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

RIDDLE & ASSOCIATES, P.C., a Utah corporation;

Plaintiffs,

v.

PAUL SCHMITT, JAMES GERHARDSON, and KATHRINE FRAENKEL an individual,

Defendant.

**COMPLAINT**

Judge Dale A. Kimball
DECK TYPE: Civil
DATE STAMP: 05/17/2006 @ 15:51:59
CASE NUMBER: 2:06CV00405 DAK

**CLAIM FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiffs Riddle & Associates, P.C. (hereinafter referred to as "R&A"), by its undersigned attorneys, and, pursuant to 28 U.S.C. §2201 *et seq.* claims against defendants as follows:

**Parties, Jurisdiction and Venue**

1. R&A is a professional corporation organized under the laws of the State of Utah, and operating as a law firm specializing in debt collection, including consumer debts. R&A maintains its principal offices at 11778 South Election Drive, Ste. 240, Draper, Utah.

2. Defendants Paul Schmitt, James Gerhardson and Kathrine Fraenkel are, on information and belief, individuals who reside in Minnesota.

3. This Court has jurisdiction over this claim pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.* because defendants have asserted that Plaintiff has violated provisions under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692k *et seq.*, over which claims this Court has original jurisdiction.

4. The acts of plaintiff, complained of by defendants, were formulated, designed and originated in Utah.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b).

**Factual Allegations**

6. In February and March of 2006, R&A was retained by Minority Legal Network ("MLN") to recover on a past due debts originally owed by defendants to Sears.

7. It is believed that Defendant Schmitt owed, and has never paid Sears, an amount of $2400.32.

8. It is believed that Defendant Fraenkel owed, and has never paid Sears, an amount of $7551.94.

9. It is believed that Defendant Gerhardson owed, and has never paid Sears, an amount of $4712.87.

10. R&A sent from Utah a collection letter to each separate defendant seeking payment on the debt. The R&A letter sets forth, among other things, the "validation notice" required by 15 U.S.C. §1692g(a) advising the consumer of his right to dispute the debt.

11. R&A's letter complied with the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. 1692 et. seq.

12. R&A's letter followed with exactness the FDCPA "safe harbor" letter authored by the Chief Judge of the United States Court of Appeals for the 7th Circuit, Justice Posner.

13. The Safe Harbor letter appeared in the case of *Bartlett v. Hieble*. In that case Justice Posner stated that:

> We cannot require debt collectors to use "our" form. But of course if they depart from it, they do so at their risk. Debt collectors who want to avoid suits by disgruntled debtors standing on their statutory rights would be well advised to stick close to the form that we have drafted. It will be a safe haven for them, at least in the Seventh Circuit.

14. R&A's letter provided to defendants the validation notice as required by 15 U.S.C. 1692 and contained in the Safe Harbor letter:

> "Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it. If you don't dispute it within that period, we will assume it is valid. If you do dispute it - by notifying our firm in writing to that effect - we will, as required by law, obtain and mail to you proof of the debt. And if, within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor, we will furnish you with that information too.
>
> This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector."

15. The "Safe Harbor" letter was written to put a stop to frivolous lawsuits by debtors standing on their statutory rights by suing for technical violations of the Federal Fair Debt Collections Practices Act (FDCPA).

16. R&A does not accept for collections any account with a known defense, including accounts wherein the debtor has sent a cease and desist or wherein the debtor is represented by counsel.

17. At the time that the accounts were sent to R&A, each defendant was represented by attorney William C. Michelson.

18. Prior to sending the collection letter to each defendant, R&A reviewed each of the defendants file under its 18-Step Compliance Procedures to insure that each account fell within the legal parameters set out by the FDCPA.

19. After the letters were sent to each Defendant, R&A received communications from Michelson claiming that R&A had violated the 15 U.S.C. 1692 c(a)(2) by contacting each client knowing that each client was represented by counsel.

20. Upon notification from Michelson, R&A immediately ceased all collection activity.

21. Mr. Riddle, president of R&A, contacted Michelson and explained that the 18-Step Compliance Procedures had not revealed that any of these defendants were represented by counsel at the time that the letters were sent. Michelson disclosed that he had, unbeknownst to Riddle, spoken with an employee of R&A who had revealed that R&A had been provided such information prior to sending the initial collection letter.

22. R&A conducted an internal review of the files and discovered that the information relating to representation had been sent to R&A, but had been placed in the collections notes, a non-searchable portion of the collection record. R&A requires that each client place information in a searchable designed field–not in the collection notes.

23. R&A immediately ceased all further collections on all accounts sent by MLN and directed MLN that R&A would not accept future placements.

24. On or about May 15, 2006, Riddle contacted Michelson and discussed with Michelson the results of R&A's internal investigation. Riddle explained to Michelson that although sending letters may have been a technical violation of the FDCPA, there would be no liability for R&A for several reasons:

   a. R&A has a policy, and had implemented reasonable procedures, to insure that this very violation did no occur.

   b. R&A does not accept accounts knowingly from our clients wherein the debtor is represented by an attorney.

   c. R&A canceled the defendants accounts, and all other accounts sent by R&A's client MLM, upon learning of this issue.

d. R&A has declined to accept any additional accounts from MLM.

e. R&A has no intent to violate the FDCPA.

f. R&A did not "know" that these defendants were represented by counsel at the time the collection letters were sent.

25. Defendants have threatened to file lawsuits against R&A. Michelson's May 2, 2006 letter states, "This will be the last letter I write to you before litigation is commenced."

26. Michelson, on behalf of defendants, has demanded that R&A pay $9000 to settle these three claims, or he will file suit. R&A believes that this offer is vexatious, unconscionable and is tantamount to extortion.

27. The January 1993 issue of the ABA Journal contains an article describing the practice of a solo practitioner in New Mexico, Richard J. Rubin, who handles consumer claims against abusive debt collectors under the FDCPA. The article reports that Rubin, speaking at a conference of consumer rights lawyers in Boston, "makes no apologies for his tactics, despite his own admission that he relies on technical violations of the law to bring a case, makes arbitrary settlement demands irrespective of damages and earns far more in attorneys' fees than his clients are entitled to collect." Mark Hansen, *When Rubin Sues, Defendants Settle: Unscrupulous Debt Collectors Pay the Bills for New Mexico Consumer Lawyer*, 79 A.B.A.J. 28 (Jan. 1993). Defendants in this case appear to be of the same ilk as Rubin.

28. The United States District Court for the District of Connecticut in *Murphy v. Equifax Check Services, Inc.*, 35 F. Supp. 2d 200 (USDC CT 1999) stated "There is nothing in the Act suggesting that it was intended to create a cottage industry for the production of attorney's fees." Defendants do not have ANY actual damages, although they are demanding $9000 from R&A.

**Count I (NO FDCPA Violation)**

29. Riddle realleges as though set forth herein the allegations contained in Paragraphs 5-28 above.

30. Defendants allege that R&A violated 15 U.S.C. 1692c(a)(2) of the FDCPA which states:

A debt collector may not communicate with a consumer in connection with the collection of any debt . . .if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;

31. R&A did not "know", at the time the collection letters were sent, that the defendants were represented by an attorney.

32. R&A asks this court to declare that R&A did not violate the FDCPA.

**Count II (Bona Fide Error)**

33. Riddle realleges as though set forth herein the allegations contained in Paragraphs 5-32 above.

34. Defendants allege that R&A violated 15 U.S.C. 1692c(a)(2) of the FDCPA which states:

A debt collector may not communicate with a consumer in connection with the collection of any debt . . .if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;

35. 15 U.S.C. 1692k, subsection c states:

A debt collector may not be held liable in any action brought under this title if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

36. R&A requests that this court declare that **IF** R&A violated the FDCPA, R&A is not liable under 1692K.

**Count III (Illegal Demand by Michelson Under 15 U.S.C. 1692k)**

37. Riddle realleges as though set forth herein the allegations contained in Paragraphs 5-36 above.

38. Congress provided, as a condition precedent to an award of attorney fees in 15 U.S.C. 1692k, "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

39. Congress required court intervention, only after the action was successful, to stop extortion scams like defendants and their attorney.

40. Michelson's demand of $9000 is illegal and is contrary to 15 U.S.C. 1692k. Michelson has demanded that R&A pay money that is not owed, upon an "action" that has not been filed, for a claim that has not been "successful", accompanied with a demand for an amount that has not been "determined by the court".

41. Michelson's demand, on behalf of the defendants, to settle for $9000 is extortion.

42. R&A respectfully requests that this Court enter a declaratory judgment in R&A's favor, and against defendants, holding that defendants' demand for attorney fees is illegal and contrary to 15 U.S.C. §1692k.

43. R&A further requests that the Court award R&A its costs and attorney fees incurred herein; and enter such further relief as is just, proper and necessary.

R&A prays for the following relief:

1. Declaratory judgment in its favor;

2 Costs and attorney fees under 15 U.S.C. 1692k; and

3. Costs and attorney fees pursuant to 28 U.S.C. 1927.

DATED this 16 day of May, 2006.

NELSON, SNUFFER, DAHLE & POULSEN, P.C.

Denver C. Snuffer, Jr.
Bret W. Reich
Attorneys for Plaintiff

Plaintiff's Address:
11178 S. Election Drive, #240
Draper, UT 84020

JS 44 (DUT) 2003

# CIVIL COVER SHEET

## VERSION FOR USE IN U.S. DISTRICT COURT FOR THE DISTRICT OF UTAH

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS.)

FILED
U.S. DISTRICT COURT
2006 MAY 17 P 3:52
DISTRICT OF UTAH
BY: ______
DEPUTY CLERK

**I. (a) PLAINTIFF(s)** Please list and number each plaintiff

1. Riddle & Associates, P.C.
2.
3.
4.
5.
6.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: ______
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEY(s)** [Firm name, Address, Telephone and Fax Number(s)]

Denver C. Snuffer, Jr (3032)
Bret W. Reich (9542)
Nelson, Snuffer, Dahle & Poulsen
10885 South State
Sandy, UT 84070
Phone: (801) 576-1400
Facsimile: (801) 57661960

Jesse Riddle (6640)
Riddle & Associates, P.C.
11778 S. Election Drive, Suite 240
Draper, UT 84020
Phone: (801) 569-3100 / Fax: 569-8700

**(a) DEFENDANT(s)** Please list and number each defendant

1. Paul Schmitt
2. James Gerhardson
3. Kathrine Fraenkel
4.
5.
6.

(b) COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: ______

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEY(s)** [Firm name, Address, Telephone and Fax Number(s)]

Judge Dale A. Kimball
DECK TYPE: Civil
DATE STAMP: 05/17/2006 @ 15:51:59
CASE NUMBER: 2:06CV00405 DAK

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | | ☐ 1 | Incorporated *or* Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** *(PLACE AN "X" IN ONE BOX ONLY)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify) ______
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

15 U.S.C. §1692 and 28 U.S.C. §2201 Declaratory Judgement

**VI. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

**DEMAND $** ______

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☒ NO

**VII. RELATED CASE(S) IF ANY** (See Instructions):

JUDGE____________________ DOCKET NUMBER____________________

**VIII. NATURE OF SUIT** *(PLACE AN "X" IN ONE BOX ONLY)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veterans Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/ Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- X 890 Other Statutory Actions

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**IX. STATE COURT REMOVALS:**

(a) List any parties which are no longer pending:

(b) List any pending motions and date filed. If responses or replies have been filed, indicate the date filed.

| MOTION/DATE FILED | RESPONSE/DATE FILED | REPLY/DATE FILED |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

DATE May 17, 2006

SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT #________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

JS 44 (DUT) 2003